UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MICHAEL THOMAS FEDESON,

Defendant.

**DECISION AND ORDER**
09-CR-402(WMS)

1. Defendant Michael Thomas Fedeson ("Defendant"), a *pro se* litigant in a criminal case, requests a reduction of his sentence under the United States Sentencing Guidelines ("Guidelines") Amendment 801, which became effective November 1, 2016. Defendant, presently in custody, made this motion on April 17, 2017, arguing that 18 U.S.C. § 3582(c) provides statutory authorization for a sentence reduction when the Guideline range for an offense is subsequently reduced by the Sentencing Commission.

2. Defendant pled guilty to two counts of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Docket No. 43.) On May 11, 2011, Defendant appeared for sentencing before this Court. His Total Offense Level was determined to be 33, and his Criminal History Category was determined to be I, resulting in a Guideline custody range of 135 to 168 months. As part of the Total Offense Level calculation, Defendant received a 5-level enhancement pursuant to § 2G2.2(b)(3)(B), because he distributed child pornography in receipt or expectation of receipt of a thing of value. At sentencing, Defendant moved for, and was granted, a non-guideline sentence of 120 months on each count, to be served concurrently. (Docket No. 43.) Defendant's projected release date is May 16, 2019. (Docket No. 46.)

3. Construing Defendant's *pro se* pleading liberally, as this Court must, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), it appears that Defendant seeks to reduce his sentence under 18 U.S.C. § 3582(c)(2) because the sentence is "based, at least in part, on Distribution" of child pornography, and because Amendment 801 made changes to the Guidelines regarding distribution. (Docket No. 46.) At the time of Defendant's sentencing, the applicable distribution section read:

> [If the offense involved] Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.

U.S.S.G. § 2G2.2(b)(3)(B). Pursuant to Amendment 801, the section was modified as of November 1, 2016:

> The amendment revises §2G2.2(b)(3)(B) and commentary to clarify that the 5-level enhancement applies "if the defendant distributed in exchange for any valuable consideration." The amendment further explains in the accompanying application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child."

U.S.S.G. Supp. to App'x C, at 145 (amendments to the Guidelines Manual effective November 1, 2012, through November 1, 2016) (Amendment 801). The number of enhancement levels did not change; instead the amendment was intended to clarify the section's application.

4. Section 3582(c)(2) authorizes a district court to reduce a term of imprisonment if a sentencing range has been subsequently lowered by the United States Sentencing Commission. See Dillon v. United States, 560 U.S. 817, 824-26, 130 S. Ct. 2683, 2689-91, 177 L. Ed. 2d 271 (2010). The Court must conduct a two-step inquiry before reducing a sentence under Section 3582(c)(2). First, the Court must

establish a defendant's eligibility by determining what the defendant's Guidelines range would have been "had the relevant amendment been in effect at the time of the initial sentencing." Id. at 827. Then, if the defendant is eligible, the Court must use the particular circumstances of the case and applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is appropriate. Id.

5. Here, Defendant is ineligible for a reduction under the first step of the Dillon inquiry. "[F]or a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing." United States v. Salinas-Doria, 114 F. Supp. 3d 142, 143 (S.D.N.Y. 2015); U.S.S.G. § 1B1.10(a)(2)(B). Defendant's Guideline sentencing range would not have been lower, even if Amendment 801 had been in effect at the time of his sentencing. The amendment was simply a clarification of language and would not have dictated a different calculation of Defendant's Total Offense Level. Consequently, the Court lacks the authority to reduce Defendant's sentence. See United States v. Mejia Gonzalez, 669 F. App'x 50, 51 (2d Cir. 2016) (summary order).

6. This analysis is consistent with the Supreme Court's ruling in Dillon, which requires that sentence reductions comply with U.S.S.G. § 1B1.10. That section mandates that only certain amendments—those listed in § 1B1.10(d)—may be applied when considering a sentence reduction under Section 3582(c)(2). See 560 U.S. at 817, U.S.S.G. § 1B1.10(a)(2). If an amendment is not included in § 1B1.10(d), the analysis ends, and the moving defendant is not eligible for a sentence reduction. See Leonard, 844 F.3d at 107. Amendment 801 is not included in § 1B1.10(d) and, as noted, it is not intended to reduce a defendant's sentencing range. Therefore, Defendant cannot meet

3

step one of the Dillon test, and is not eligible for a Reduction of Sentence under 18 U.S.C.S. § 3582(c)(2).

7. For these reasons, Defendant's motion is denied.


IT HEREBY IS ORDERED, that Defendant's Motion for a Reduction of Sentence (Docket No. 46) is DENIED.

SO ORDERED.


Dated: August 9, 2017
       Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                              United States District Judge